**MARK L. NATIONS, INTERIM COUNTY COUNSEL**
**COUNTY OF KERN, STATE OF CALIFORNIA**
**By: Marshall S. Fontes, Deputy (SBN 139567)**
**Kern County Administrative Center**
**1115 Truxtun Avenue, Fourth Floor**
**Bakersfield, CA 93301**
**Telephone 661-868-3800**
**Fax 661-868-3805**

**Attorneys for Defendants, County of Kern**
**Donny Youngblood and Bill Walker**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANA MARIA GONZALEZ LOPEZ, PEDRO DERKEVORKIAN, AND THE ESTATE OF SERGIO DERKEVORKIAN, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF KERN; SHERIFF DONNY YOUNGBLOOD; BILL WALKER, DIRECTOR KERN COUNTY MENTAL HEALTH DEPARTMENT; DEPUTY ASHLEY MARCUM (#202548); and DOES 1 through 10, inclusive <br><br> Defendants. | CASE NO. 1:17-CV-00864-AWI-JLT <br><br> **DEFENDANT COUNTY OF KERN, DONNY YOUNGBLOOD AND BILL WALKER'S ANSWER TO PLAINTIFF'S COMPLAINT** <br><br><br> [Filing fee exemption for government entity pursuant to Government Code § 6103] |

Defendants COUNTY OF KERN, SHERIFF DONNY YOUNGBLOOD, BILL WALKER, DIRECTOR KERN COUNTY MENTAL HEALTH DEPARTMENT, (Collectively referred to as "County" or "Defendants"), answer the complaint of Plaintiffs, ANA MARIA GONZALEZ LOPEZ, PEDRO DERKEVORKIAN AND THE ESTATE OF SERGIO DERKEVORKIAN (Collectively "Plaintiffs"), in this action as follows:

   1.   Defendants admit the allegations of the following paragraphs of the complaint: 1, 2, 4 and 7.

2. Defendants deny the allegations of the following paragraphs of the complaint: 14, 37-48, 50-52, 54-60, 62-66, 68-72 and 83-85.

3. Defendants are currently without sufficient information or belief to admit or deny the allegations of the following paragraphs of the complaint and, on that basis, deny them: 5, 6, 11-13, 15-36 and 76-82.

4. With respect to the allegations of paragraph 3, these answering defendants admit that venue lies in this District, but lack sufficient information or belief to admit or deny the remainder of this paragraph, and, therefore, deny it.

5. With respect to the allegations of paragraph 8, these answering defendants admit that, at all relevant times, Donny Youngblood has been employed as the Kern County Sheriff, but lack sufficient information or belief to admit or deny the remainder of this paragraph, and, therefore, deny it.

6. With respect to the allegations of paragraph 9, these answering defendants admit that Bill Walker, at all relevant times, was employed by the County of Kern as the director of the Kern County Mental Health Department, but lack sufficient information or belief to admit or deny the remainder of this paragraph, and, therefore, deny it.

7. With respect to the allegations of paragraph 10, these answering defendants admit that Deputy Marcum was employed by the County of Kern at all relevant times, but lack sufficient information or belief to admit or deny the remainder of this paragraph, and, therefore, deny it.

8. With respect to paragraphs 49, 53, 61, 67 and 75, these merely incorporate the allegations made in prior paragraphs to which defendants have already responded.

**AFFIRMATIVE DEFENSES**

9. **AS A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, defendants allege that the Complaint, and each and every cause of action therein, fails to state a claim against these defendants upon which relief can be granted.

Defendant County of Kern, Donny Youngblood and Bill Walker's Answer to Plaintiffs' Complaint

10.    **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, defendants allege that the damages, if any, of which plaintiffs complain were the proximate results of the negligence, carelessness and/or recklessness of plaintiffs, and/or their decedent, so as to bar or diminish recovery herein as against defendants.

11.    **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** defendants allege that the damages, if any, of which plaintiffs complain, were the proximate result of the intentional acts of plaintiffs and/or their decedent, all so as to bar or diminish recovery herein as against these defendants.

12.    **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, defendants allege that plaintiffs' damages and injuries, if any, were the result of the negligence, carelessness, recklessness, and intentional acts and/or liability of third parties, other than these defendants..

13.    **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, defendants allege, on information and belief, that plaintiffs, and/or their decedent, by the exercise of reasonable efforts and/or care, could have mitigated the amount of damages alleged to have been suffered, and that plaintiffs, and/or their decedent, have failed, neglected, and refused, and continue to fail, neglect and refuse, to exercise reasonable efforts and/or care to mitigate their alleged damages.

14.    **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, defendants allege that the individually named defendants are immune from any civil liability in this matter under the doctrine of qualified immunity, in that they had a good faith belief that each and every action employed and taken with regard to the acts complained of by Plaintiffs herein, was justified, reasonable and lawful under the circumstances presented to the defendants at the time of their alleged acts or omissions at issue herein.

15.    **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, defendants allege that they, and others, are entitled to an offset, in the amount of all collateral and governmental source benefits, in accordance with Government Code

1 §985.

2   16.   **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, defendants claim as a set off against any judgment that might be taken in this litigation against Defendants, all amounts presently due and owing to Defendant County of Kern by Plaintiffs, which amounts are unknown at this time.

  17.   **AS FOR A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, County Defendants allege that, under *Monell v. New York Department of Social Services of the City of New York,* 436 U.S. 658 (1978), County does not have any unconstitutional policy, custom, or practice which resulted in a violation constitutional rights of plaintiffs, and/or their decedent.

  18.   **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** defendants allege that they are immune from punitive and/or exemplary damages in accordance with Government Code § 818 and Civil Code §3294, and that defendants are further made immune, and jurisdiction is lacking over claims for punitive or exemplary damages against defendants, pursuant to the Constitutions of the United States and the State of California.

  19.   **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** defendants allege that, as to any purported state law causes of action, they are immune from liability for the causes of action alleged in the complaint, if any, pursuant to California Government Code sections 815, 815.2, 815.3, 818, 818.2, 818.4, 818.8, 820(b), 820.2, 820.4, 820.6, 820.8, 821, 822.2, 823, 844.6 and 845.2 of the Government Code and sections 834, 834a, 835, 835a and 836 of the Penal Code.

  20.   **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** defendants allege that, as to any purported state law causes of action, Defendant County of Kern is immune from liability to the same extent its employees are immune from liability by virtue of Government Code § 815.2(b).

  21.   **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** defendants allege that if, and to the extent that, the allegations of plaintiffs' complaint,

4

Defendant County of Kern, Donny Youngblood and Bill Walker's Answer to Plaintiffs' Complaint

and/or each claim based on state law contained therein, attempts to enlarge upon the facts and/or contentions set forth in the claim made by Plaintiffs upon County, plaintiffs' complaint fails to state a cause of action, and violates provisions of the California Government Code, Division 3.6, Part 3, Chapter I (commencing with section 900) and Chapter II (commencing with section 910), and County reserves the right to move to strike any such allegations, and to object to any evidence directed to the proof of any such allegations.

22. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** defendants allege that defendants are entitled to the protections of Civil Code §3291; therefore, plaintiffs are not entitled to prejudgment interest.

23. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** defendants allege that plaintiffs' complaint, and each cause of action therein alleged, if any, are barred by the applicable statutes of limitations.

**WHEREFORE**, Defendants pray judgment as follows:

1. That Plaintiffs take nothing by this action;
2. That Defendants be awarded their costs of suit incurred herein;
3. That Defendants be awarded reasonable attorneys' fees pursuant to Federal Rules of Civil Procedure, Rule 11, and 42 U.S.C. § 1988; and
4. That the Court order such other, and further, relief as it deems just and proper herein.

Dated: August 1, 2017        MARK L. NATIONS, INTERIM COUNSEL

By:  /s/ Marshall S. Fontes
    Marshall S. Fontes, Deputy
    Attorneys for Defendant, County of Kern

#23C5023.DOC

Defendant County of Kern, Donny Youngblood and Bill Walker's Answer to Plaintiffs' Complaint