**MARK L. NATIONS, COUNTY COUNSEL**
**COUNTY OF KERN, STATE OF CALIFORNIA**
By: Marshall S. Fontes, Deputy (SBN 139567)
Kern County Administrative Center
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Telephone 661-868-3800
Fax 661-868-3805

Attorneys for Defendants, County of Kern
Donny Youngblood, Bill Walker and Ashley Marcum

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA MARIA GONZALEZ LOPEZ, PEDRO DERKEVORKIAN, AND THE ESTATE OF SERGIO DERKEVORKIAN,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF KERN; SHERIFF DONNY YOUNGBLOOD; BILL WALKER, DIRECTOR KERN COUNTY MENTAL HEALTH DEPARTMENT; DEPUTY ASHLEY MARCUM (#202548); and DOES 1 through 10, inclusive<br><br>Defendants. | CASE NO. 1:17-CV-00864-AWI-JLT<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br><br>[Filing fee exemption for government entity pursuant to Government Code § 6103] |

Defendants COUNTY OF KERN, SHERIFF DONNY YOUNGBLOOD, BILL WALKER, DIRECTOR KERN COUNTY MENTAL HEALTH DEPARTMENT, and DEPUTY ASHLEY MARCUM (Collectively referred to as "County" or "Defendants"), answer the First Amended Complaint ("Complaint") of Plaintiffs, ANA MARIA GONZALEZ LOPEZ, PEDRO DERKEVORKIAN AND THE ESTATE OF SERGIO DERKEVORKIAN (Collectively "Plaintiffs"), in this action as follows:

1. Defendants admit the allegations of the following paragraphs of the complaint: 1, 2, 4, 7, 26, 29, 44 and 49.

2.      Defendants deny the allegations of the following paragraphs of the complaint: 14, 52-63, 65-67, 69-75, 77-81, 83-87, 89, and 99-100.

3.      Defendants are currently without sufficient information or belief to admit or deny the allegations of the following paragraphs of the complaint and, on that basis, deny them: 5, 6, 11-13, 15-23, 39-41, 50, and 91-98.

4.      With respect to the allegations of paragraph 3, these answering defendants admit that venue lies in this District, but lack sufficient information or belief to admit or deny the remainder of this paragraph, and, therefore, deny it.

5.      With respect to the allegations of paragraph 8, these answering defendants admit that, at all relevant times, Donny Youngblood has been employed as the Kern County Sheriff, but lack sufficient information or belief to admit or deny the remainder of this paragraph, and, therefore, deny it.

6.      With respect to the allegations of paragraph 9, these answering defendants admit that Bill Walker, at all relevant times, was employed by the County of Kern as the director of the Kern County Mental Health Department, but lack sufficient information or belief to admit or deny the remainder of this paragraph, and, therefore, deny it.

7.      With respect to the allegations of paragraph 10, these answering defendants admit that Deputy Marcum was employed by the County of Kern at all relevant times, but lack sufficient information or belief to admit or deny the remainder of this paragraph, and, therefore, deny it.

8.      With respect to the allegations of paragraph 24, these answering defendants: (1) admit that Marcum, Comparan and Wright were in the garage for the purpose of assisting in the escort of the decedent into the Jail, (2) admit that Hines and Bishop were also in the garage at the time, (3) admit that Marcum and Comparan testified in deposition as to their estimate as to the frequency of call outs, (4) admit that Marcum testified in deposition that she was not formally trained to interview the transporting/arresting officer, but rather to weigh their own personal observations more

heavily per training; and (5) deny the remainder of this paragraph based upon lack of information and belief.

9.  With respect to the allegations of paragraph 25, these answering defendants: (1) admit that the decedent claimed CHP officers placed drugs in his rectum; (2) admit that the body scan of the decedent revealed no such concealed drugs; (3) admit that Marcum testified in deposition that decedent's statement might be indicative of mental issues, but also a common occurrence with arrestees under the influence; (4) admit that Comparan testified in deposition that he thought the decedent was delusional and under the influence from this claim, and (5) deny the remainder of this paragraph based upon lack of information and belief.

10. With respect to the allegations of paragraph 27, these answering defendants: (1) admit Marcum testified in deposition that decedent was fidgety upon entering inmate reception center before any questioning, (2) admit that Comparan made the alleged statements; and (3) deny the remainder of this paragraph based upon lack of information and belief.

11. With respect to the allegations of paragraph 28, these answering defendants: (1) admit that Marcum asked the alleged medical screening questions; (2) admit that the decedent shook his head in the negative when asked if he had ever attempted suicide; (3) admit that the video/audio does not depict a verbal or physical response to the question if decedent was presently suicidal; (4) deny that Marcum did not get a response to this question; (5) admit that another inmate can be heard screaming on the video/audio; (6) admit that Marcum only asked two questions regarding suicidality; and (7) deny the remainder of this paragraph based upon lack of information and belief.

12. With respect to the allegations of paragraph 30, these answering defendants: (1) admit that Marcum testified in deposition that she is trained to ask screening questions quickly because it is in an uncontrolled setting, there is a higher risk of assault and it is the point during booking where the greatest risk to officer safety

1 exists; (2) admit that Comparan did not recall training on the speed of administering
2 screening questions; and (3) deny the remainder of this paragraph based upon lack of
3 information and belief.
4     13.   With respect to the allegations of paragraph 31, these answering
5 defendants: (1) admit that Comparan asked the PREA questions; (2) admit that
6 Decedent answered yes to the first question and (3) deny the remainder of this
7 paragraph based upon lack of information and belief.
8     14.   With respect to the allegations of paragraph 32, these answering
9 defendants: (1) admit that Wright testified in deposition that he was present for some
10 of the booking process, because of the initial call, but did not know how long he was
11 present or when he left; (2) admit that Wright testified that he saw nothing
12 inappropriate; and (3) deny the remainder of this paragraph based upon lack of
13 information and belief.
14     15.   With respect to the allegations of paragraph 33, these answering
15 defendants: (1) admit that Marcum testified in deposition concerning these allegations;
16 and (2) deny the remainder of this paragraph based upon lack of information and
17 belief.
18     16.   With respect to the allegations of paragraph 34, these answering
19 defendants: (1) admit that Marcum and Comparan testified in deposition concerning
20 these allegations; and (2) deny the remainder of this paragraph based upon lack of
21 information and belief.
22     17.   With respect to the allegations of paragraph 35, these answering
23 defendants: (1) admit that Marcum determined decedent was under the influence and
24 placed him in a DEO both as temporary administrative segregation; (2) admit that
25 there is no written policy concerning the use of a DEO booth; (3) deny that there is no
26 written sobering cell policy and (4) deny the remainder of this paragraph based upon
27 lack of information and belief.
28 ///

18. With respect to the allegations of paragraph 36, these answering defendants: (1) admit that Marcum testified in deposition that classification was notified through CJIS and a telephone call of the temporary administrative segregation placement; (2) admit that Hutchinson testified in deposition that he entered the "initial classification and then subsequently classified decedent as administrative segregation based upon information from the receiving officers; and (3) deny the remainder of this paragraph based upon lack of information and belief.

19. With respect to the allegations of paragraph 37, these answering defendants: (1) admit that Hutchinson testified in deposition concerning these allegations; and (2) deny the remainder of this paragraph based upon lack of information and belief.

20. With respect to the allegations of paragraph 38, these answering defendants: (1) admit that Hutchinson testified in deposition concerning these allegations; and (2) deny the remainder of this paragraph based upon lack of information and belief.

21. With respect to the allegations of paragraph 42, these answering defendants admit that the referenced policies include the quoted language, but that said language is not exhaustive of the contents of each policy.

22. With respect to the allegations of paragraph 43, these answering defendants: (1) admit that Reddell and Crystian testified in deposition concerning these allegations; and (2) deny the remainder of this paragraph based upon lack of information and belief.

23. With respect to the allegations of paragraph 45, these answering defendants: (1) deny that staff is available at the alleged hours on weekends and (2) admit that a referral to mental health was not made; and (3) deny the remainder of this paragraph based upon lack of information and belief.

24. With respect to the allegations of paragraph 46, these answering defendants admit: (1) Comparan testified in deposition concerning these allegations

Defendants' Answer to Plaintiffs' First Amended Complaint

and authored the report when directed by his supervisor as part of the inmate death review process; and (2) deny the remainder of this paragraph based upon lack of information and belief.

25. With respect to the allegations of paragraph 47, these answering defendants: (1) Marcum testified in deposition concerning these allegations and authored the report when directed by her supervisor as part of the inmate death review process; and (2) deny the remainder of this paragraph based upon lack of information and belief.

26. With respect to the allegations of paragraph 48, these answering defendants: (1) admit that the referenced reports were entered into CJIS; and (2) deny the remainder of this paragraph based upon lack of information and belief.

27. With respect to the allegations of paragraph 51, these answering defendants (1) admit that there were two prior suicides in 2016 at CRF; and (2) deny the remainder of this paragraph based upon lack of information and belief.

28. With respect to paragraphs 64, 68, 76, 82, 88 and 90, these merely incorporate the allegations made in prior paragraphs to which defendants have already responded.

## AFFIRMATIVE DEFENSES

29. **AS A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, defendants allege that the Complaint, and each and every cause of action therein, fails to state a claim against these defendants upon which relief can be granted.

30. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, defendants allege that the damages, if any, of which plaintiffs complain were the proximate results of the negligence, carelessness and/or recklessness of plaintiffs, and/or their decedent, so as to bar or diminish recovery herein as against defendants.

31. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** defendants allege that the damages, if any, of which plaintiffs complain, were the proximate result of the intentional acts of plaintiffs and/or their decedent, all so as to bar

1 or diminish recovery herein as against these defendants.

2     32. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, defendants allege that plaintiffs' damages and injuries, if any, were the result of the negligence, carelessness, recklessness, and intentional acts and/or liability of third parties, other than these defendants..

    33. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, defendants allege, on information and belief, that plaintiffs, and/or their decedent, by the exercise of reasonable efforts and/or care, could have mitigated the amount of damages alleged to have been suffered, and that plaintiffs, and/or their decedent, have failed, neglected, and refused, and continue to fail, neglect and refuse, to exercise reasonable efforts and/or care to mitigate their alleged damages.

    34. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, defendants allege that the individually named defendants are immune from any civil liability in this matter under the doctrine of qualified immunity, in that they had a good faith belief that each and every action employed and taken with regard to the acts complained of by Plaintiffs herein, was justified, reasonable and lawful under the circumstances presented to the defendants at the time of their alleged acts or omissions at issue herein.

    35. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, defendants allege that they, and others, are entitled to an offset, in the amount of all collateral and governmental source benefits, in accordance with Government Code §985.

    36. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, defendants claim as a set off against any judgment that might be taken in this litigation against Defendants, all amounts presently due and owing to Defendant County of Kern by Plaintiffs, which amounts are unknown at this time.

    37. **AS FOR A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, County Defendants allege that, under *Monell v. New York Department of*

*Social Services of the City of New York,* 436 U.S. 658 (1978), County does not have any unconstitutional policy, custom, or practice which resulted in a violation constitutional rights of plaintiffs, and/or their decedent.

38. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** defendants allege that they are immune from punitive and/or exemplary damages in accordance with Government Code § 818 and Civil Code §3294, and that defendants are further made immune, and jurisdiction is lacking over claims for punitive or exemplary damages against defendants, pursuant to the Constitutions of the United States and the State of California.

39. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** defendants allege that, as to any purported state law causes of action, they are immune from liability for the causes of action alleged in the complaint, if any, pursuant to California Government Code sections 815, 815.2, 815.3, 818, 818.2, 818.4, 818.8, 820(b), 820.2, 820.4, 820.6, 820.8, 821, 822.2, 823, 844.6 and 845.2 of the Government Code and sections 834, 834a, 835, 835a and 836 of the Penal Code.

40. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** defendants allege that, as to any purported state law causes of action, Defendant County of Kern is immune from liability to the same extent its employees are immune from liability by virtue of Government Code § 815.2(b).

41. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** defendants allege that if, and to the extent that, the allegations of plaintiffs' complaint, and/or each claim based on state law contained therein, attempts to enlarge upon the facts and/or contentions set forth in the claim made by Plaintiffs upon County, plaintiffs' complaint fails to state a cause of action, and violates provisions of the California Government Code, Division 3.6, Part 3, Chapter I (commencing with section 900) and Chapter II (commencing with section 910), and County reserves the right to move to strike any such allegations, and to object to any evidence directed to the proof of any such allegations.

Defendants' Answer to Plaintiffs' First Amended Complaint

42. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** defendants allege that defendants are entitled to the protections of Civil Code §3291; therefore, plaintiffs are not entitled to prejudgment interest.

43. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** defendants allege that plaintiffs' complaint, and each cause of action therein alleged, if any, are barred by the applicable statutes of limitations.

**WHEREFORE**, Defendants pray judgment as follows:

1. That Plaintiffs take nothing by this action;
2. That Defendants be awarded their costs of suit incurred herein;
3. That Defendants be awarded reasonable attorneys' fees pursuant to Federal Rules of Civil Procedure, Rule 11, and 42 U.S.C. § 1988; and
4. That the Court order such other, and further, relief as it deems just and proper herein.

Dated: July 3, 2018                MARK L. NATIONS, COUNTY COUNSEL

By:    /s/ Marshall S. Fontes
      Marshall S. Fontes, Deputy
      Attorneys for Defendant, County of Kern, Donny Youngblood, Bill Walker and Ashley Marcum

#23U7944.DOC

Defendants' Answer to Plaintiffs' First Amended Complaint